IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILLISA SMITH,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-2262 |
| | : | |
| EXPERIAN INFORMATION<br>SOLUTIONS,<br>    Defendant. | :<br>:<br>: | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                              **JUNE 5, 2024**

Plaintiff Jillisa Smith initiated this civil action by filing a *pro se* Complaint against Experian Information Solutions ("Experian") for violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").[1]  Smith seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Smith leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.        FACTUAL ALLEGATIONS**[2]

Smith claims that she reviewed her consumer credit report and found multiple inaccuracies being reported by Experian in regard to multiple accounts.  (Compl. at 6.)  On or about April 8, 2024, she sent Experian a notice disputing the information in her report, which she asserts Experian received on April 19, 2024.  (*Id.*)  As of May 20, 2024, she had not received

---

[1] Smith's Complaint consists of the Court's form complaint available for use by *pro se* litigants as well as a typewritten complaint.  The Court considers the entire submission to constitute the Complaint in this case.

[2] The factual allegations are taken from Smith's Complaint (ECF No. 2.)  The Court adopts the pagination supplied by the CM/ECF docketing system.

correspondence from Experian nor has Experian requested additional time to investigate her dispute. (*Id*. at 3, 7.)

Smith asserts also that on April 19, 2024 she disputed inaccurate information about her "IST PROGRESS/TSYS/VT" consumer account, her "CREDIT ONE BANK NA" account, her "SANTANDER" account, her "DEPT OF ED/AIDVANTAGE" account, her "EDC/BERKSHIREHATHWAY" account, her "DPT ED/AIDV" account, and her JEFFERSON CAPTIAL SYST" account, and requested a determination within five days.[3] (*Id*. at 7-8.) She claims "it is evident Experian failed to complete an investigation with regards to the completeness and/or accuracy" of these accounts, and "potentially led users viewing the report to be confused as to the payment behavior and/or character of the Plaintiff." (*Id*. at 8.) As of May 20, 2024, she had not received correspondence from Experian about these accounts either, and her account "is not being reported accurately." (*Id*. at 9.)

Smith claims her credit worthiness has been negatively impacted by Experian and claims her report was disseminated multiple times, resulting in her being denied credit by "Cap One NA" on or about November 15, 2023. (*Id*. at 10.) She seeks money damages for violation of 15 U.S.C. §§ 1681e(b) and 1681i(a). (*Id*. at 10-13.)

## II. STANDARD OF REVIEW

Because Smith appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as

---

[3] Smith repeats the allegation about the "DPT ED/AIDV" account three times and it is unclear whether that account is the same as her "DEPT OF ED/AIDVANTAGE" account.

true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

### III.   DISCUSSION

The FCRA, 15 U.S.C. §§ 1681-1681x, was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are

used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[4]

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a plausible claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry.  *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(A).  The FCRA also requires "[b]efore the expiration of the 5-business-day period beginning on the

---

[4] The FCRA provides for civil liability for noncompliance due to willfulness and negligence.  *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

date on which a consumer reporting agency receives notice of a dispute from any consumer . . . in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute." *Id*., § 1681i(a)(2)(A). During the 30-day period, the consumer reporting agency "shall review and consider all relevant information submitted by the consumer," *id*., § 1681i(a)(4), and if the item of information is found to be inaccurate or incomplete, or cannot be verified, the consumer reporting agency shall "promptly deleted that item of information" and "notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." *Id*., § 1681i(a)(5)(A). The agency shall also "provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation." *Id*., § 1681i(a)(6)(A).

      To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).

Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

Smith asserts that Experian failed to fulfill its responsibilities under § 1681e(b) and § 1681i(a) with regard to several of her consumer credit accounts. However, the allegations of inaccuracies in the Complaint are undeveloped. Smith contends that she discovered inaccuracies in the report of her various accounts, but she does not provide any factual specificity about these instances of inaccurate information. Smith's claims are not plausible because she has not alleged sufficient facts regarding the nature of the inaccuracies. *See Cook v. Experian*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting proposed amended complaint would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report). *Accord Hill v. Genesis F.S. Card Servs.*, No. 21-4232, 2021 WL 5865610, at *2 (E.D. Pa. Dec. 10, 2021) (dismissing

FCRA claim on statutory screening where the plaintiff did not, *inter alia*, "make any allegations regarding the specific nature of the false and inaccurate information").

Furthermore, while Smith alleges that Experian failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a), her allegations concerning its actions are conclusory. Because conclusory allegations that merely recite the elements of a cause of action are not sufficient to allege a plausible claim for purposes of statutory screening, *see Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"), Smith's claims based on violations of § 1681e(b) and § 1681i(a) cannot proceed as pled. *See Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Smith's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Smith will be given leave to file an amended complaint if she is capable of correcting the defects the Court has noted in her claims. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**